IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TODD )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>NATIONAL ENTERPRISE SYSTEMS, )<br>INC. )<br>)<br>Defendant ) | 12CV4988<br>Judge Ronald A. Guzman<br>Magistrate Judge Susan E. Cox |

## COMPLAINT

COMES NOW the Plaintiff, Michael Todd, *pro se*, who brings this Complaint and states as follows:

### Parties, Jurisdiction and Venue

1. Plaintiff, Michael Todd (herein "Plaintiff" or "Todd") is an individual person who at all relevant times herein resided at 9134 Del Prado Dr., 2N, Palos Hills, IL 60465.

2. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC. (herein "Defendant" or "NES") is an Ohio corporation that routinely conducts business in this district.

3. 15 U.S.C. § 1692 *et seq.* presents a federal question and as such jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as Defendant conducts business in this district and Todd was damaged in this district.

### Factual Allegations

4. On information and belief, Todd's brother, Christopher Todd, allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

5. On information and belief, NES purchased or was assigned or otherwise was collecting or attempting to collect on the alleged debt of Christopher Todd in May 2012 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it is a person who uses any instrumentality of interstate commerce or the mails in a business with the principal purpose of which is the collection of debts or NES regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

6. At some date prior to May 24, 2012, NES began utilizing hardware, software, or other technology that results in a call originating from NES to appear on a called party's caller ID to come from Orland Park, Illinois and show an Illinois phone number.

7. On May 24, 2012, NES placed a telephone call to Todd on his residential telephone line of 708-576-8156. Todd's caller ID displayed that the call came from "Orland Park, IL" and originated from "708-675-8307". As the call appeared to come from a local number, Todd answered the call. During the conversation May 24, 2012 telephone call, the NES representative questioned Todd as to his identity and if Christopher Todd was still employed by the United States Army and whether a specific phone number was still applicable for Christopher Todd. Todd answered all questions posed by NES during the call.

8. The purpose of the May 24, 2012 call from NES to Todd was to acquire location information for Christopher Todd while attempting to collect on an alleged debt.

9. Todd did not give NES authorization or permission to contact him after May 24, 2012.

10. There was no reason that NES could reasonably believe that Todd's May 24, 2012 responses of the two questions posed were erroneous or incomplete and that Todd would have correct or complete location information after May 24, 2012.

11. NES does not have an office in Orland Park, Illinois.

12. NES does not have an office outside of Ohio.

13. On May 28, 2012, Todd's 3 year old son became sick and Todd did not go to bed until 6:40 a.m. on May 29, 2012 as a result of caring for his son during the night.

14. On May 29, 2012, at 9:19 a.m. NES placed a telephone call to Todd on his residential telephone line of 708-576-8156. Todd's caller ID displayed that the call came from "Orland Park, IL" and originated from "708-675-8307". Todd answered the call and learned that NES was again contacting Todd for the purpose of attempting to acquire location information for Christopher Todd.

15. As a result of the May 29, 2012 call from NES to Todd, Todd has suffered loss of sleep, frustration, extreme upset, anxiety, as well as other negative emotions.

16. Todd could not have prevented the May 29, 2012 call from NES.

17. There was no valid reason for NES to contact Todd on May 29, 2012.

## DEFENDANT'S KNOWLEDGE OF THEIR WRONGFUL CONDUCT

18. NES knows that the FDCPA prohibits contacting a third party more than once in attempting to acquire location information for an alleged debtor unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information.

19. NES knows that the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. NES knows that the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

21. NES knows that it is using a method to cause caller ID's such as Todd's to display telephone numbers and/or city names that are outside of Ohio.

## RESPONDEAT SUPERIOR LIABILITY

22. The acts of Defendants' agents who communicated with Todd were committed within the line and scope of their agency relationship with their principal, NES.

23. The acts and omissions by Defendants' agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by NES.

24. NES is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including by not limited to violations of the FDCPA and Illinois law.

## COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. NES is a debt collector under FDCPA.

27. The act of causing a phone number associated with Orland Park, Illinois to appear on Todd's caller ID was for the purpose of causing Todd to believe the call was coming from a local number.

28. The act constitutes violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

29. The act of calling Todd on May 29, 2012 constitutes a violation of 15 U.S.C. § 1692b(3).

30. As a result, Todd was damaged and NES is liable to Todd for his damages pursuant to 15 U.S.C. § 1692k.

WHEREFORE, Todd demands judgment against NES for actual and compensatory damages, statutory damages, and costs, totaling in excess of $75,000, and any other relief deemed just and appropriate.

31. Plaintiff demands trial by jury.

Respectfully submitted: _____
Michael Todd, Plaintiff, pro se
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156
Email. mtodd75682@aol.com